Fremont-Smith, J.
This case was originally scheduled for a hearing on plaintiffs motion for a preliminary injunction but, when it became apparent that testimony would be required, the hearing on the motion for preliminary injunction was consolidated, pursuant to Mass.R.Civ.P. 5(b)(2) with a trial on the merits, which occurred on November 2, 1993. Plaintiff, by this action, seeks to have the Town of Lexington ordered to permit his daughter, Elisha D. Watson, to continue her attendance at Lexington High School during the current school year, until the time of her anticipated graduation in the spring of 1994, in view of defendant’s announcement that she will not be permitted to continue to attend that school because of failure to fulfill residency requirements.
I. FINDINGS OF FACT
At the trial, the plaintiff, Gregory Watson and his daughter, Elisha D. Watson (“Elisha”) testified for the plaintiff. The defendant called no witnesses, but relied on cross-examination. Based upon all the evidence, I find as follows:
Plaintiff has been separated from his wife (“Mrs. Watson”) since December 1991. Since at least September 1992, Mrs. Watson has resided in Lexington in a rented house. Plaintiff is the source of funds which enable Mrs. Watson to rent the house and to pay other expenses. Elisha (plaintiffs daughter and Mrs. Watson’s step-daughter) lived at all times with Mrs. Watson until the plaintiff rented a residence for himself in Woburn in February 1993. Since that time, Elisha has continued to attend Lexington High School but has generally slept at her father’s house in Woburn and commuted to school (an approximately ten-minute automobile trip). Since February 1993, she has slept at Mrs. Watson’s residence in Lexington two or three times a month. She testified, however, that her entire social life and activities continue to be centered around Lexington High School (“the school”) and her friends and classmates there. Her mailing address, her friends, and her school are all in Lexington.
Plaintiffs separation from Mrs. Watson is informal and there has been no divorce or formal separation agreement. It remains plaintiffs firm intention to reconcile with his wife and, should this occur, to return to Lexington where she resides.
The school became concerned with the question of Elisha’s residence when, during the 1992-1993 school year, Elisha was frequently tardy. At the time, the tardiness was apparently attributed to her commute from Woburn, which raised the issue of residency in defendant’s mind. Plaintiff and Elisha, however, testified that the tardiness was actually caused by emotional and psychological difficulties which Elisha experienced last year, and not to the commute. They further testified, without contradiction, that the problem of tardiness has now been resolved. Although she considers herself a resident of both Lexington and Woburn, Elisha desires to finish her senior school year at Lexington, where her friends and social activities are located.
II. RULINGS OF LAW
General laws c. 76, §5 provides: “Every person shall have a right to attend the public schools of the town where he actually resides ...”
The words “reside” and “domicil” as used in statutes relating to residency requirements, have been interpreted to be synonymous. See: Hershkoff v. Board of Registrars of Voters of Worcester, 366 Mass. 570, 576 (1974), and Teel v. Hamilton-Wenham Regional School District, 13 Mass.App.Ct. 345, 349 (1982).
“Domicil,” moreover, is defined, for purpose of residency requirements, as “the place where a person dwells and which is the center of his domestic, social and civil life,” Hershkoff, supra at 576, whereas “residence” is determined not only by physical location, but also by the intended duration of residence. Thus, “residence” has been defined as “the place of one’s actual residence “with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode.’ ” Hershkoff, supra at 578. Accord: Martinez v. Bynum, 461 U.S. 321, 330-32 (1983).
Here, where “the center of [Elisha’s] domestic, social and civic life” is clearly Lexington, where plaintiff maintains his wife’s residence and his own mailing address in Lexington, and where plaintiff resides in Woburn on a temporary basis “with the purpose to return” to live with his wife in Lexington, I conclude that Elisha, for purposes of G.L.c. 76, §5 is a resident *262 of Lexington who has a right to attend the Lexington High School.
III. JUDGMENT
Accordingly, final judgment shall enter for the plaintiff and the defendant is ORDERED and ENJOINED to permit Elisha D. Watson to continue to attend Lexington High School until the time of her graduation in the spring of 1994, on condition that she maintains a reasonable attendance record and otherwise reasonably complies with the rules, regulations and requirements of the school. Should there be a failure by Elisha to reasonably comply with the school’s rules, regulations and requirements, this Court will retain jurisdiction in order to consider an appropriate motion by defendants for modification of the Court’s order, should this become necessary.